UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

---------------------------------------------------------------- x
UNITED STATES OF AMERICA,                   :
                                            :
                    Plaintiff,   :   **MEMORANDUM &**
                                            :   **ORDER DENYING**
   -against-                               :   **DEFENDANT'S MOTION**
                                            :   **TO DISMISS**
ANFERNEE D. DANCY,                          :   **INDICTMENT**
                                            :
                    Defendant.   :   3:23-CR-00187 (VDO)
---------------------------------------------------------------- x

**VERNON D. OLIVER**, United States District Judge:

Before this Court is Defendant Anfernee D. Dancy's motion to dismiss the single-count indictment charging him with possession of a firearm by a convicted felon, in violation of 18 U.S.C. § 922(g)(1), on the basis that the statute violates the Second Amendment. (ECF No. 27.) For the reasons set forth below, Defendant's motion to dismiss the indictment is **DENIED**.

**I.**    **BACKGROUND**

Defendant was indicted on October 24, 2023 for unlawful possession of a firearm by a prohibited person, in violation of 18 U.S.C. §§ 922(g)(1) and 924(a)(8). (ECF No. 1.) Dancy was previously convicted of three state crimes: (1) burglary in the first degree, in violation of Conn. Gen. Stat. § 53a-101(a)(1); (2) risk of injury to children, in violation of Conn. Gen. Stat. § 53-21; and (3) failure to appear in the first degree, in violation of Conn. Gen. Stat. § 53a-172. (Def. Mem., ECF No. 27-1, at 4.)

Defendant moved to dismiss the indictment pursuant to Federal Rule of Criminal Procedure 12(b)(1) on July 23, 2024. The Government opposed the motion on August 2, 2024. (Pl. Opp., ECF No. 35.) Defendant filed a reply on August 7, 2024. (ECF No. 36.)

## II.    LEGAL STANDARD

Federal Rule of Criminal Procedure 12(b)(1) permits a defendant to file pretrial motions raising "any defense, objection, or request that the court can determine without a trial on the merits." Fed. R. Crim. P. 12(b)(1); *see also United States v. Sampson*, 898 F.3d 270, 278–79 (2d Cir. 2018). A court may address a constitutional attack on an indictment within the context of a Rule 12(b) motion "because an indictment's defects can affect a defendant's substantive rights at trial." *United States v. Smith*, 985 F. Supp. 2d 547, 561–62 (S.D.N.Y. 2014) (quoting *United States v. Post*, 950 F. Supp. 2d 519, 528 (S.D.N.Y. 2013)); *see also United States v. Coiro*, 922 F.2d 1008, 1013 (2d Cir. 1991). "In ruling on a motion to dismiss, a court views the indictment as a whole and assumes its factual allegations to be true." *United States v. Litvak*, No. 3:13-CR-19 (JCH), 2013 WL 5740891, at *2 (D. Conn. Oct. 21, 2013).

## III.    DISCUSSION

Defendant moves to dismiss the one-count indictment charging him with being a felon in possession of a firearm, in violation of 18 U.S.C. § 922(g)(1), arguing that the statute "burdens the right to keep and bear arms, and is inconsistent with the history and tradition of firearm regulation in the United States." (Def. Mot., ECF No. 27, at 1 (citing *New York State Rifle & Pistol Ass'n, Inc. v. Bruen*, 597 U.S. 1, 142 S. Ct 2111 (2022)).)

The Second Amendment "confer[s] an individual right to keep and bear arms." *D.C. v. Heller*, 554 U.S. 570, 595 (2008). However, "[l]ike most rights, the right secured by the Second Amendment is not unlimited." *Id*. at 626. In *Heller*, the Supreme Court cautioned that "*nothing in [its] opinion should be taken to cast doubt on longstanding prohibitions on the possession of firearms by felons* and the mentally ill, or laws forbidding the carrying of firearms in sensitive places such as schools and government buildings, or laws imposing conditions and

qualifications on the commercial sale of arms." *Id*. at 626–27 (emphasis added). Such limitations, the Supreme Court noted, are "presumptively lawful." *Id*. at 627 n.26. The constitutionality of such regulations was affirmed by the Supreme Court in *McDonald v. Chicago*, 561 U.S. 742 (2010).

In *Bruen*, the Supreme Court criticized the "two-step" test for analyzing Second Amendment challenges that lower courts had "coalesced around" since its decisions in *Heller* and *McDonald*. *See Bruen*, 597 U.S. at 17. The *Bruen* Court described that test as combining "history with means-ends scrutiny" and emphasized that the proper test must be "rooted in the Second Amendment's text, as informed by history." *Id.* at 19. The Court set forth a new test for determining the constitutionality of firearm regulations:

> In keeping with *Heller* . . . when the Second Amendment's plain text covers an individual's conduct, the Constitution presumptively protects that conduct. To justify its regulation, the government may not simply posit that the regulation promotes an important interest. Rather, the government must demonstrate that the regulation is consistent with this Nation's historical tradition of firearm regulation. Only if a firearm regulation is consistent with this Nation's historical tradition may a court conclude that the individual's conduct falls outside the Second Amendment's "unqualified command."

*Id.* at 17. Considering its new position, the *Bruen* Court underscored that its holding was consistent with both *Heller* and *McDonald*. *See Bruen*, 597 U.S. at 10, 19, 24, 31 ("We too agree, and now hold, consistent with *Heller* and *McDonald*, that the Second and Fourteenth Amendments protect an individual's right to carry a handgun for self-defense outside the home."); *United States v. King*, 634 F. Supp. 3d 76, 83 (S.D.N.Y. 2022) ("[T]he *Bruen* majority opinion makes abundantly clear that *Heller* and *McDonald* stand as controlling precedents."). The *Bruen* majority also repeatedly referred to the Second Amendment's protections as

3

extending to "law-abiding" citizens—*not* felons. *Bruen*, 597 U.S. at 9, 15, 26, 29–31, 38, 60, 70–71.[1]

Based on *Bruen*, *Heller*, *McDonald*, and Second Circuit precedent, this Court cannot conclude that section 922(g)(1) is unconstitutional. The Second Circuit has explicitly held that section 922(g)(1) does not violate the Second Amendment. *United States v. Bogle*, 717 F.3d 281, 281–82 (2d Cir. 2013) (*per curiam*). In so doing, the Second Circuit "join[ed] every other circuit to consider the issue in affirming that § 922(g)(1) is a constitutional restriction on the Second Amendment rights of convicted felons." *Id*. Where "the Second Circuit has spoken directly to the issue presented by [a] case," "this Court is required to follow that decision unless and until it is overruled in a precedential opinion by the Second Circuit itself or unless a subsequent decision of the Supreme Court so undermines it that it will almost inevitably be overruled by the Second Circuit." *United States v. Diaz*, 122 F. Supp. 3d 165, 179 (S.D.N.Y. 2015) (internal quotation marks omitted), *aff'd*, 854 F.3d 197 (2d Cir. 2017); *see also United States v. Peguero*, 34 F.4th 143, 158 (2d Cir. 2022).

At this juncture, the Court does not find that *Bruen* "so undermines" *Bogle* that "it will almost inevitably be overruled by the Second Circuit." *See Diaz*, 122 F. Supp. 3d at 179. Accordingly, *Bogle*'s holding remains binding upon this Court and section 922(g)(1) is constitutional on its face and as applied to Defendant. *See also United States v. Gonzalez*, No.

---

[1] The Court also acknowledges the Supreme Court's decision to uphold 18 U.S.C. § 922(g)(8) in *United States v. Rahimi*, __ U.S. __, 144 S. Ct. 1889 (2024), finding that "[s]ince the Founding, the Nation's firearm laws have included regulations to stop individuals who threaten physical harm to others from misusing firearms." *Id.* at 1891. Defendant, having been convicted of burglary in the first degree and risk of injury to a minor, has posed "a credible threat to the physical safety of others." *Id.* at 1902. Therefore, as applied to the facts here, the Court finds that section 992(g)(1) "fits within this tradition." *Id.* at 1891.

1:23-CR-18 (MKV), 2024 WL 96517, at *4 (S.D.N.Y. Jan. 9, 2024) ("[N]othing in *Bruen* casts doubt on the enduring constitutionality of felon-in-possession prohibitions as articulated in *Heller* and *McDonald* and relied on by the Second Circuit in *Bogle*.").[2] The Court thus declines to engage in any further historical analysis that *Bruen* commands in order to ascertain whether felon-in-possession laws unconstitutionally restrict an individual's right to bear arms.

---

[2] This decision is consistent with decisions from other courts in this District and Circuit that have held that *Bogle* survives *Bruen*. *See, e.g.*, *United States v. Morales*, No. 22-CR-127 (SRU), 2024 WL 3520394 (D. Conn. July 23, 2024); *United States v. Grant*, No. 22-CR-179 (KAD), 2024 WL 1798172 (D. Conn. Apr. 25, 2024); *United States v. Gaskin*, No. 22-CR-98 (SRU), 2024 WL 381009 (D. Conn. Feb. 1, 2024); *United States v. Hairston*, No. 23-CR-20 (SVN), 2024 WL 326667 (D. Conn. Jan. 29, 2024); *United States v. Jakups*, No. 21-CR-216 (VAB), 2024 WL 361428 (D. Conn. Jan. 31, 2024); *United States v. King*, 634 F. Supp. 3d 76 (S.D.N.Y. 2022); *United States v. D'Angelo*, No. 23-CR-327 (PGG), 2023 WL 9056404 (S.D.N.Y. Dec. 31, 2023); *United States v. Cabrera*, No. 23-CR-209 (VEC), 2023 WL 8812532 (S.D.N.Y. Dec. 20, 2023); *United States v. Craft*, No. 23-CR-178 (PMH), 2023 WL 6215326 (S.D.N.Y. Sept. 25, 2023); *United States v. Ford*, No. 23-CR-107 (LGS), 2023 WL 7131742 (S.D.N.Y. Oct. 30, 2023); *United States v. Davila*, 688 F. Supp. 3d 81 (S.D.N.Y. 2023); *United States v. Hampton*, 676 F. Supp. 3d 283 (S.D.N.Y. 2023); *United States v. Barnes*, No. 22-CR-43 (JPO), 2023 WL 2268129 (S.D.N.Y. Feb. 28, 2023); *United States v. Montanez*, No. 23-CR-186 (NGG), 2024 WL 3360534 (E.D.N.Y. July 10, 2024); *United States v. Chaney*, No. 23-CR-451 (ARR), 2024 WL 2293759 (E.D.N.Y. May 21, 2024); *United States v. Ayers*, No. 20-CR-239 (BMC), 2024 WL 1158686 (E.D.N.Y. Mar. 18, 2024); *United States v. Pickett*, No. 22-CR-486 (NRM), 2024 WL 779209 (E.D.N.Y. Feb. 26, 2024); *United States v. Singletary*, No. 23-CR-6134 (FPG), 2024 WL 3407961 (W.D.N.Y. July 15, 2024); *United States v. Rodriguez*, No. 23-CR-6173 (EAW), 2024 WL 1363680 (W.D.N.Y. Apr. 1, 2024); *United States v. Mingues*, No. 23-CR-81 (BKS), 2023 WL 9604697 (N.D.N.Y. Dec. 23, 2023); *United States v. Harrison*, 683 F. Supp. 3d 184 (N.D.N.Y. 2023); *United States v. Senna*, No. 21-CR-22 (CCR), 2024 WL 1415107 (D. Vt. Apr. 2, 2024); *United States v. Delima*, No. 22-CR-111 (CCR), 2023 WL 6443925 (D. Vt. Oct. 3, 2023); *United States v. Lane*, No. 22-CR-132 (GWC), 2023 WL 5614798 (D. Vt. Aug. 24, 2023).

## IV. CONCLUSION

For the foregoing reasons, Defendant's motion to dismiss the indictment (ECF No. 27) is **DENIED**.

**SO ORDERED.**

Hartford, Connecticut
August 8, 2024

/s/Vernon D. Oliver
VERNON D. OLIVER
United States District Judge